1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
Allstate Insurance Co., *et al.*,                   )
                                                    )       Case No. C15-1976RSL
                               Plaintiffs,          )
                                                    )
              v.                                    )
                                                    )       ORDER GRANTING
Lighthouse Law P.S. Inc., *et al.*,                 )       DEFENDANTS' MOTION TO
                                                    )       DISMISS
                               Defendants.          )
                                                    )
_____)

          This matter comes before the Court on "Defendant Lighthouse Law P.S., Inc. and

Thammalaiviroj's Motion to Dismiss."  Dkt. # 18.  Plaintiffs Allstate Insurance Co., Allstate

Indemnity Co., Allstate Fire & Casualty Insurance Co., and Allstate Property and Casualty

Insurance Co. (together, "Allstate") allege that defendants Patty Thammalaiviroj, an attorney

licensed in California, and Chong Kim, a lay person residing in Washington State, engaged in a

fraudulent scheme involving the operation of a law office, defendant Lighthouse Law P.S. Inc.

("Lighthouse").  Allstate alleges that together, defendants engaged in the unauthorized practice

of law by submitting false insurance claims to Allstate.  Defendants now move to dismiss on the

basis that plaintiffs have failed to state a claim.  Having reviewed the memoranda, declarations,

and exhibits submitted by the parties, the Court determines that this matter can be decided

without oral argument and finds as follows.

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS

1

## I.      Failure to State a Claim

2

3          Federal pleading rules require a plaintiff's complaint to include "a short and plain

4     statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

5     This requirement serves to  "give the defendant fair notice of what the claim is and the grounds

6     upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (internal marks and

7     citation omitted).  Although the complaint's factual allegations need not be detailed, they must

8     include "more than labels and conclusions" and must contain more than a "formulaic recitation

9     of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555.  When deciding a Rule

10     12(b)(6) motion to dismiss, the Court may not consider any materials other than the pleadings,

11     <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001), and may disregard any materials

12     improperly submitted.  <u>See</u> <u>Swedberg v. Marotzke</u>, 339 F.3d 1139 (9th Cir. 2003).  When

13     reviewing the complaint, all well-pleaded allegations of material fact are accepted as true and are

14     construed in the light most favorable to the non-moving party.  <u>Manzarek v. St. Paul Fire &</u>

15     <u>Marine Ins. Co.</u>, 519 F.3d 1025, 1031 (9th Cir. 2008).

16          The question when considering whether a complaint sufficiently states a claim is whether

17     the facts alleged in the complaint sufficiently state a "plausible" ground for relief.  <u>Id.</u> at 544.

18     "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

19     draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft</u>

20     <u>v. Iqbal</u>, 556 U.S. 662, 678 (2009).  The plausibility standard is met when a complaint alleges

21     "more than a sheer possibility that a defendant has acted unlawfully."  <u>Id.</u>  That standard is not

22     met and dismissal is appropriate "where the well-pleaded facts do not permit the court to infer

23     more than the mere possibility of misconduct."  <u>Id.</u> at 679 (internal marks and citation omitted).

24     "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient

25     facts alleged to support a cognizable legal theory." <u>Taylor v. Yee</u>, 780 F.3d 928, 935 (9th Cir.

26

1
2
3
4

2015) (citation omitted).  Dismissal without leave to amend is proper "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Grogan v. Health Officer of Cty. of Riverside, 221 F.3d 1348 (9th Cir. 2000) (quotation marks and citation omitted).

5

### A.    Consumer Protection Act

6
7
8
9
10
11
12

Plaintiffs allege that defendants violated Washington's Consumer Protection Act by "knowingly and willfully engag[ing] in unlawful practice of law" and by "[receiving] money for the referral of personal injury clients."  Dkt. # 1 at ¶ 37.  Plaintiffs' Consumer Protection Act claim appears to be based on two allegedly deceptive acts: first, defendants' unauthorized practice of law, and second, defendants' submission of false insurance documents.  Defendants move to dismiss this claim because, among other things, plaintiffs' complaint fails to allege that any wrongdoing by defendants caused plaintiffs' injuries.  Dkt. # 18 at 11-13.

13
14
15
16
17
18
19
20
21
22
23
24

Washington law empowers private plaintiffs to bring Consumer Protection Act claims where a defendant's bad acts caused injuries to the plaintiff and risks injury to the public.  See Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc., 162 Wn.2d 59, 73 (2007).  A successful Consumer Protection Act claim requires five elements: (1) an unfair or deceptive act or practice occurred; (2) the act or practice took place in trade or commerce; (3) a public interest was implicated; (4) an injury to the plaintiff's business or property resulted; and (5) the unfair or deceptive act caused the injury suffered.  Id.  The causation prong requires the defendant's act to have proximately caused the plaintiff's injury, "mean[ing] a cause which in a direct sequence unbroken by any superseding cause, produces the injury event complained of and without which such injury event would not have happened."  Schnall v. AT&T Wireless Servs., Inc., 171 Wn.2d 260, 278 (2011) (internal marks omitted) (citing 6 Washington Practice: Washington Pattern Jury Instructions: Civil 15.01, at 181 (5th ed. 2005)).  Causation entails two

25
26

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS          -3-

distinct elements: cause in fact, which asks whether there has been physical "but for" cause; and legal cause, which is "grounded in policy determinations as to how far the consequences of a defendant's acts should extend." WPI 15.01 cmt. A plaintiff cannot show causation if her injury would have occurred regardless of whether the defendant's alleged violation occurred. Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 64 (2009).

In this case, plaintiffs allege that they were forced to pay attorneys fees and investigate defendants' misconduct after defendants misrepresented their licensed status and submitted false insurance claims.[1] Plaintiffs' claim fails for two reasons. First, defendants' allegedly unauthorized practice of law is neither a factual nor legal cause of plaintiffs' injury. Plaintiffs' obligation to reimburse insurance claims is not related to whether defendants were licensed to practice in Washington in a factual, "but for" sense. As a policy issue, plaintiffs' allegation that they were injured because an opposing party was improperly represented strains credulity. States prohibit the unauthorized practice of law to protect would-be clients, "unaware of the pitfalls which await[] them," from "persons never qualified for or admitted to the bar." Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 586 (1983) (quotation marks and citation omitted). Those pitfalls are often dug by an opposing party who has the benefit of a better-trained representative; it would be odd for the better-represented party to allege foul play. The injured parties who received poorer representation are, in this case, plaintiffs' own policyholders.

Second, plaintiffs' complaint lacks sufficient factual assertions to make its referral claim plausible. A complaint must include enough detail to provide notice to defendants of the

---

[1] Washington courts have also interpreted the Consumer Protection Act's "trade or commerce" requirement to limit unauthorized practice claims. A plaintiff can allege that a defendant's unauthorized practice violated the Consumer Protection Act on the basis of "the entrepreneurial aspects of legal practice," as distinguished from the "actual practice of law." Short v. Demopolis, 103 Wn.2d 52, 61 (1984). A plaintiff could challenge, for example, a firm's billing or client-retention practices but not its competence or strategy. Id.

1  grounds on which plaintiffs' claims rest.  See Twombly, 550 U.S. at 545.  As currently written,

2  plaintiffs' claims are based largely on conclusions that fail to define the scope of the dispute.

3  See, e.g., Dkt. # 1 at ¶ 33 ("Defendants . . . prepare[d] false and misleading information

4  concerning material facts in connection with insurance claims . . . ."); id. at ¶ 34 ("Defendants

5  . . . illegally solicited and procured clients . . . to present false and fraudulent claims . . . .").  The

6  complaint does not include allegations about when any misconduct occurred or how many of

7  defendants' insurance claims contain allegedly false information.  Although an inaccurate

8  insurance claim may be the basis of a Consumer Protection Act claim, see State Farm Fire &

9  Cas. Co. v. Huynh, 92 Wn. App. 454 (1998) (applying the Consumer Protection Act to claim for

10  false billings and reports), plaintiffs' complaint alleging such a violation does not cross "the line

11  between possibility and plausibility." Iqbal, 556 U.S. at 678.  Defendants' motion on this issue

12  is granted.

### B.    Common Law Fraud

14        Plaintiffs allege that defendants committed fraud by misrepresenting the ownership and

15  services provided by Lighthouse, submitting false medical records, and paying for referral of

16  personal injury clients.  Dkt. # 1 at ¶ 44.  Defendants move to dismiss this claim on the basis that

17  plaintiffs' complaint fails to plead with sufficient particularity and that defendants have not

18  shown that the alleged misrepresentations injured them.  Dkt. # 18 at 13-16.

19        The federal rules require parties to "state with particularity the circumstances constituting

20  fraud or mistake."  Fed. R. Civ. P. 9(b).  To satisfy that standard, a plaintiff "must set forth more

21  than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is

22  false or misleading about a statement, and why it is false." In re GlenFed, Inc. Sec. Litig., 42

23  F.3d 1541, 1548 (9th Cir. 1994).  Three reasons motivate the particularity requirement: (1) to

24  provide defendants with notice as to the nature of the alleged fraud and deter plaintiffs from

25  filing complaints as a pretext to conduct unwarranted discovery; (2) to protect defendants'

26

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS            -5-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

reputations from false accusations; and (3) to prevent plaintiffs from imposing social and economic costs on the court and other parties without justification.  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996).  The nine elements of a fraud claim under Washington law are: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff."  Stiley v. Block, 130 Wn.2d 486, 505 (1996).

Plaintiffs' allegations regarding defendants' submitting false medical records and paying for client referrals are conclusions that do not meet the heightened Rule 9(b) standard.  As with plaintiffs' Consumer Protection Act claim, the complaint lacks factual support for its conclusion that defendants submitted "false and misleading information concerning material facts in connection with insurance claims."  Dkt. # 1 at 33.  The complaint also concludes without support that "[d]efendants paid or received payment for the referral of personal injury clients."  Dkt. # 1 at  44.  These allegations are not "specific enough to give defendants notice of the particular misconduct which is alleged" and leave defendants in the untenable position of "just deny[ing] that they have done anything wrong."  Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quotation marks and citation omitted).

The complaint likewise does not set forth sufficient facts to adequately plead fraud based on "material representations of fact relating to the business or ownership or services Defendants provided."  Dkt. # 1 ¶ 44.  Rule 9(b) requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).  In addition, Rule 9(b) "does not allow a complaint to lump multiple defendants together but requires plaintiffs to differentiate

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS          -6-

their allegations when suing more than one defendant." <u>Destfino v. Reiswig</u>, 630 F.3d 952, 958 (9th Cir. 2011) (internal alterations and quotation marks omitted).   The complaint does not give defendants notice regarding the specific false representations; by whom, to whom, and when they were made; or how they caused injury to plaintiffs.  As in the case of plaintiffs' other fraud allegations, there is insufficient notice of the particular misconduct that is alleged.  See <u>Bly-Magee</u>, 236 F.3d at 1019.

Defendants' motion to dismiss the fraud claim is granted.

### C.    Criminal Profiteering Act

Plaintiffs' third allegation is that defendants violated the portions of Washington's Criminal Profiteering Act under RCW 9A.82.060 and .080.  Dkt. # 1 at ¶ 56.  The Criminal Profiteering Act, or "little RICO," combats organized crime by prohibiting the intentional organizing of three or more people "with the intent to engage in a pattern of criminal profiteering activity."  RCW 9A.82.060.  The statute defines such a pattern as the commission of three predicate offenses within a five-year period, RCW 9A.82.010, with the predicate offenses including trafficking in insurance claims, RCW 48.30A.015, and the unlawful practice of law, RCW 2.48.180.  The statute also makes it illegal for a person to "acquire or maintain . . . any interest in or control of any enterprise" through a pattern of criminal activity.  RCW 9A.82.080. Defendants move to dismiss these claims on the basis that the complaint failed to allege sufficient facts regarding defendants' criminal intent and any facts regarding either trafficking or unlawful legal practice.[2]  Dkt. # 18 at 17-19.

As a threshold determination, plaintiffs' complaint must include allegations that

---

[2] Defendants also claim that the complaint fails to allege that defendants acted with the requisite intent. Dkt. # 18 at 17.  In Washington, "intent to commit a crime may be inferred if the defendant's conduct and surrounding facts and circumstances plainly indicate such an intent as a matter of logical probability."  <u>State v. Vasquez</u>, 178 Wn.2d 1, 8 (2013) (quotation marks and citation omitted).  If plaintiffs' complaint adequately alleges that defendants committed certain underlying acts, it is appropriate to infer that defendant intended to commit those acts.

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS                -7-

defendants' illegal scheme involved a pattern of three or more predicate acts carried out by three or more people.  When deciding whether a defendant's predicate offenses constitute a pattern, Washington courts have adopted the federal courts' "flexible, commonsense approach."  United States v. Hobson, 893 F.2d 1267, 1269 (11th Cir. 1990), cited by State v. Barnes, 85 Wn. App. 638 (1997).  For example, in Barnes the court rejected the defendant's characterization of a marijuana grow as a single act because it was a "complex scheme" that involved more than a one-time harvest.  Barnes, 85 Wn. App. at 667-68.  In addition, the Criminal Profiteering Act requires a defendant to have led or organized three persons.  Id. at 666 (noting, however, that "[t]he defendant may engage in some of the activities with others and perform others alone").  When pleading this element, "the use of 'John Doe' to identify a defendant is not favored" unless the plaintiff cannot know the defendant's identity beforehand.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  In such a case, discovery will provide an opportunity to identify the unknown defendants.  Id.  However, "[i]f reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed."  Corrigan v. Unknown King Cty. Deputy #1, No. C05-1727P, 2006 WL 2222331, at *3 (W.D. Wash. Aug. 2, 2006).

In this case, plaintiffs' complaint sufficiently alleges that a pattern of activity occurred.  Despite a scarcity of specific factual assertions, the complaint, taken as true, alleges that defendants started an illegal law firm, procured clients in an illegitimate manner, and submitted false claims.  The complaint does not, however, allege that three individuals (not counting the 75 unknown Does) took part in defendants' alleged scheme.  Plaintiffs allege that defendants Kim and Thammalaiviroj, through their business Lighthouse, carried out the scheme with "hired captive attorneys."  Dkt. # 1 at ¶ 32.  Because the captive attorneys allegedly "handle[d] personal injury cases [against plaintiffs] under false and misleading information," id., plaintiffs should be able to identify other defendants through a "reasonable inquiry."

### 1.   Insurance Trafficking

In addition to asserting a pattern of activity, a Criminal Profiteering Act plaintiff must

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS         -8-

allege facts that make out the alleged predicate offense.  The first predicate in this case, Washington's insurance trafficking statute, prohibits service providers from knowingly accepting or making payments related to the referral of an insurance claimant.  RCW 48.30A.015.  Services providers include, among other things, persons who are involved in preparing, processing, presenting, or negotiating insurance claims.  RCW 48.30A.010

Plaintiffs' complaint lacks substantive allegations that touch on any insurance trafficking committed by defendants.  As discussed in connection with plaintiffs' common law fraud claim, the allegations regarding defendants' improper payments are conclusory.  See Dkt. # 1 at ¶¶ 33, 34, 44 (stating, for example, that "[d]efendants paid or received payment for the referral of personal injury clients").  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal marks omitted).  The complaint's trafficking allegations are limited to conclusions and do not state a claim for relief. Defendants' motion on this issue is granted.

## 2.    Unlawful Practice of Law

The second alleged predicate, Washington's statute governing unlawful practice of law, prohibits persons not licensed in Washington ("nonlawyers") from engaging in certain activities. RCW 2.48.180.  These activities preclude a nonlawyer from holding herself out as being entitled to practice law, holding an investment or ownership interest in a business that practices law, or sharing legal fees with a Washington-licensed attorney.  Id.

Plaintiffs' complaint states a plausible claim regarding the unlawful practice of law. Plaintiffs allege that defendant Thammalaiviroj owned Lighthouse despite lacking a Washington bar license.[3]  Dkt. # 1 at ¶ 25, 29.  Those facts, taken as true, allow for a "reasonable inference

---

[3] Plaintiffs improperly submitted declarations with their response brief and cited to those declarations in support of their claim.  The Court did not consider the information contained in these declarations.

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS              -9-

that the defendant is liable" as alleged.  Iqbal, 556 U.S. at 678.  Plaintiffs have sufficiently stated a claim for unlawful practice of law, but did not adequately allege that three or more individuals were involved as is required under the Criminal Profiteering Act.  Defendants' motion to dismiss this claim is granted.

### 3.   RCW 9A.82.080

Defendants argue that RCW 9A.82.080, which prohibits persons from using the proceeds of criminal profiteering activities, is inapplicable to this case.  Dkt. # 18 at 16.  Plaintiffs did not contest this argument in their response brief, an omission the Court takes to mean they no longer wish to assert that claim.  See LCR 7(b)(2).  Moreover, the complaint does not contain any allegations that defendants invested proceeds of criminal profiteering activities in "real property or in the establishment or operation of any enterprise."  RCW 9A.82.080(1)(a).  This claim is dismissed.

### D.   Unjust Enrichment

Plaintiffs' complaint alleges that defendants were unjustly enriched when defendants received payment for insurance claims.  The parties agree on the basic showing required to make an unjust enrichment claim in Washington: (1) a benefit was conferred by the plaintiff to the defendant; (2) the benefit was received at the plaintiff's expense; and (3) it would be unjust for the defendant to keep the benefit considering the circumstances.  Young v. Young, 164 Wn.2d 477, 484 (2008).  Defendants contest the third prong with respect to all defendants and the first prong with respect to Thammalaiviroj.  Specifically, defendants claim that the complaint failed to allege that the insured claimants were not eligible to receive insurance payments (i.e. the complaint did not allege that the claims were illegitimate), and failed to allege that Thammalaiviroj received any of the proceeds in her personal capacity.  Dkt. # 18 at 19.

Broadly stated, an action for unjust enrichment is "the method of recovery for the value of [a] benefit retained absent any contractual relationship because notions of fairness and justice

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS            -10-

require it." <u>Young</u>, 164 Wn.2d at 484.  In that context, "a quasi contract is said to exist between the parties" as a result of an implied debt held by the defendant.  <u>Id.</u> (citations omitted).  When analyzing whether a quasi-contract existed, Washington courts require the defendant's benefit to be a direct and not merely incidental result of the plaintiff's alleged injury.  For example, in <u>Lynch v. Deaconess Medical Center</u>, 113 Wn.2d 162, 164 (1989), an attorney brought an unjust enrichment action seeking attorney's fees after he successfully got his client's insurer to pay the client's bill at Deaconess Hospital.  The court held that not only was Deaconess not unjustly enriched for services it had already provided, but the amount Deaconess received was "only an incidental benefit derived from Mr. Lynch's services to his client."  <u>Id.</u> at 166.  The client's retention of an attorney created no implied contract between Mr. Lynch and Deaconess and did not "impose the obligation of restitution upon the recipient [Deaconess]."  <u>Id.</u>  Similarly, in <u>Farwest Steel Corp. v. Mainline Metal Works, Inc.</u>, 48 Wn. App. 719 (1987), a project's prime contractor had outsourced work to a subcontractor, who in turn arranged to receive supplies from plaintiff Farwest.  When the subcontractor went bankrupt and failed to pay Farwest a $150,000 bill, Farwest brought an unjust enrichment suit against the prime contractor.  After clarifying that "[i]t is critical that the enrichment be unjust . . . as between the two parties to the transaction," the court held that even though the prime contractor was enriched, there was no evidence "that the enrichment was unjust with respect to Farwest or at Farwest's expense."  <u>Id.</u> at 65.  Rather, the prime contractor "was a mere incidental beneficiary" of Farwest's supply contract.  <u>Id.</u>

Plaintiffs in this case stand in the same position as Lynch and Farwest.  Plaintiffs have alleged that defendants, lacking Washington bar licenses, should not have represented any insurance claimants and were unjustly enriched after plaintiffs paid out claims.  But plaintiffs have no direct relationship with defendants and defendants' enrichment was incidental to the insurance contract between plaintiffs and the insured claimants.  As discussed above with respect to the Consumer Protection Act, the party directly injured in this situation is the insured who

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS            -11-

received inadequate representation.  The situation may be different had plaintiffs alleged facts that suggested defendants falsified claims or made similar misrepresentations.  Because the only statements suggesting falsification are conclusory and lack a factual foundation, they cannot support an unjust enrichment claim.  For these reasons, defendants' motion on this issue is granted.

### E.   Declaratory Relief

Defendants seek to dismiss plaintiffs' claim for declaratory judgment as moot on the basis that Lighthouse was dissolved in July 2015.[4]  Dkt. # 18 at 20.  Plaintiffs did not respond to this argument, an omission the Court takes to mean they no longer wish to assert that claim.  See LCR 7(b)(2).  Accordingly, plaintiffs' claim for declaratory relief is dismissed with prejudice.

### F.   Prejudgment Interest

Plaintiffs requested prejudgment interest, which defendants argue is not provided for under the relevant sections of the Revised Code of Washington.  Dkt. ## 1 at 13; 20 at 21.  Plaintiffs did not respond to this argument, which the Court views as a concession that defendants' argument has merit.  See LCR 7(b)(2).  The Court has also reviewed RCW 4.56.110 and 19.52.020 and agrees that it appears that prejudgment interest is not available to plaintiffs.  Defendants' motion on this issue is granted.

## II.   Motion to Strike

Defendants' motion to dismiss includes the following in a footnote: "It should be noted that the Plaintiffs' Complaint included John Doe Thammalaiviroj, and the marital community of Defendant; however, Patty Thammalaiviroj is an unmarried woman."  Dkt. # 18 at 1 n.1.

---

[4] Defendants request that the Court judicially notice the Articles of Dissolution. Dkt. # 20. Plaintiffs did not oppose this request, and under Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Court therefore take judicial notice of the dissolution of Lighthouse.

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS          -12-

1  Plaintiffs move to strike this statement as unsupported.  Dkt. # 33 at 23.  The Court did not rely
2  on this footnote in its decision and therefore denies the request to strike as moot.

3

4       For the foregoing reasons, defendants' motion to dismiss for failure to state a claim, Dkt.
5  # 18, is GRANTED.  Leave to amend should be granted unless the Court "determines that the
6  pleading could not possibly be cured by the allegation of other facts."  Lopez v. Smith, 203 F.3d
7  1122, 1130 (9th Cir. 2000) (internal quotation marks omitted).  If the Court can "reasonably
8  conclude that further amendment would be futile[,]" however, the Court may deny leave to
9  amend.  Sylvia Landfield Trust v. City of Los Angeles, 729 F.3d 1189, 1196 (9th Cir. 2013).
10 There is the possibility that the following claims could be cured by additional factual allegations:
11 Consumer Protection Act, Common Law Fraud, Criminal Profiteering Act, and Unjust
12 Enrichment.  Plaintiffs therefore are granted leave to amend those claims.  For the reasons stated
13 above, plaintiffs' claims for declaratory relief and prejudgment interested are dismissed with
14 prejudice.  If plaintiffs believe they can amend the complaint to remedy the pleading and legal
15 deficiencies identified, they may file an amended complaint within 21 days of the date of this
16 order.  If an amended complaint is not timely filed, judgment will be entered in favor of
17 defendants and against plaintiffs.

18

19      Dated this 28th day of July, 2016.

20

21

22      Robert S. Lasnik
        United States District Judge

23

24

25

26

ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS            -13-