1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ALLSTATE INSURANCE CO., *et al*.,,

Plaintiffs,

v.

LIGHTHOUSE LAW P.S., INC., *et al*.,

Defendants.

10
11
12
13
14

Case No. C15-1976RSL

ORDER DENYING DEFENDANTS'
MOTIONS TO DISMISS
PLAINTIFFS' AMENDED
COMPLAINT

15    This matter comes before the Court on "Defendant Lighthouse Law P.S., Inc. and

16 Thammalaiviroj's Motion to Dismiss Plaintiffs' Amended Complaint."  Dkt. # 56.[1]  Plaintiffs

17 Allstate Insurance Co., Allstate Indemnity Co., Allstate Fire & Casualty Insurance Co., and

18 Allstate Property and Casualty Insurance Co. (together, "Allstate") allege that defendants Patty

19 Thammalaiviroj, an attorney licensed in California, and Chong "Joseph" Kim, a non-lawyer

20 residing in Washington State, created and operated a sham law firm, defendant Lighthouse Law

21 P.S., Inc. ("Lighthouse"), for the purpose of profiting from fraudulent insurance claims.

22    After this Court dismissed Allstate's original complaint with leave to amend, Dkt. # 47,

23 Allstate filed an amended complaint, Dkt. # 52, naming additional defendants and elaborating on

24

25    _____

26 [1] Defendants Chong "Joseph" Kim and Jane Doe Kim also moved to dismiss Allstate's amended
complaint, Dkt. # 59, but on December 20, 2016, the parties stipulated to dismissal of all claims against
27 the Kims with prejudice, Dkt. # 92.  Accordingly, the Kims' motion to dismiss is DENIED as moot.

28 ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 1

the factual allegations underlying its claims.  Defendants Lighthouse and Thammalaiviroj ("Defendants") again move to dismiss, arguing that Allstate's amended complaint still fails to state a claim.  Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows.

## I.    Failure to State a Claim

Federal pleading rules require a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement serves to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal marks and citation omitted).  Although the complaint's factual allegations need not be detailed, they must sufficiently state a "plausible" ground for relief.  Id. at 544.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plausibility standard is met when a complaint alleges "more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015).  Dismissal without leave to amend is proper "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Grogan v. Health Officer of Cty. of Riverside, 221 F.3d 1348 (9th Cir. 2000) (quotation marks and citation omitted).

When deciding a Rule 12(b)(6) motion to dismiss, the Court may not consider any materials other than the pleadings, Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), and may disregard any materials improperly submitted, see Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003).  All well-pleaded allegations of material fact are accepted as true and are construed in the light most favorable to the non-moving party.  Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008).

ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 2

1

## A.      Washington Consumer Protection Act

Allstate alleges that Defendants violated Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*, by engaging in deceptive trade practices for financial gain. Specifically, Allstate claims that Defendants violated the CPA by "trafficking in insurance claims" and by presenting material misrepresentations in insurance settlement demands.  Dkt. # 52, ¶¶ 78, 94.  Defendants move to dismiss this claim on the grounds that Allstate's amended complaint fails to allege a causal link between Defendants' alleged wrongdoing and Allstate's monetary loss, and that in any event Allstate lacks standing to bring a CPA claim.  Dkt. # 56 at 11-13.

Washington law empowers private plaintiffs to bring CPA claims where a defendant's bad acts cause injuries to the plaintiff and risk injury to the public.  See Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc., 162 Wn.2d 59, 73 (2007). A private CPA action may be brought by a party who is not in a consumer relationship with the defendant, Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 43–44 (2009), so long as the plaintiff successfully pleads five elements: (1) an unfair or deceptive act or practice; (2) that occurred in trade or commerce; (3) a public interest was implicated; (4) the plaintiff's business or property was injured; and (5) the unfair or deceptive act caused the injury suffered, Indoor Billboard, 162 Wn.2d at 73.   The causation prong requires the defendant's act to be the proximate cause of the plaintiff's injury, "mean[ing] a cause which in a direct sequence unbroken by any superseding cause, produces the injury event complained of and without which such injury event would not have happened."  Schnall v. AT&T Wireless Servs., Inc., 171 Wn.2d 260, 278 (2011) (internal marks omitted) (quoting 6 Washington Practice: Washington Pattern Jury Instructions: Civil 15.01, at 181 (5th ed. 2005)).  An insurance company has standing to bring a CPA claim against a party that submits false information in connection with an insurance claim.  State Farm Fire & Cas. Co. v. Hyunh, 92 Wn. App. 454, 458–62 (1998).

Allstate has successfully pled the elements of its CPA claim.  The amended complaint

ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 3

alleges that Defendants operated a sham law firm in order to profit from insurance proceeds, which Allstate paid as a result of Defendants' illegal solicitation of insurance claimants and Defendants' knowing material misrepresentations (including misrepresenting a sham law firm as a legitimate one) in its settlement demands.  Dkt. # 52, ¶¶ 5, 31, 32, 33, 45–75, 77, 88, 89, 91, 92, 94.  Defendants contest only the causation element, which Allstate has sufficiently pled: Allstate's monetary loss would not have occurred absent Defendants' alleged trafficking and misrepresentations, as Allstate would not have agreed to settle the insurance claims had it known that the claimants were represented by a sham law firm.  See Panag, 166 Wn.2d at 64. Moreover, the facts as alleged do not suggest that Allstate's monetary loss is attributable to any superseding cause.  See Schnall, 171 Wn.2d at 278.  And Washington law provides that Allstate has standing to bring this CPA claim.  See Hyunh, 92 Wn. App. at 458–62.  Defendants' motion to dismiss Allstate's CPA claim is denied.

### B.    Common Law Fraud

Allstate alleges that Defendants committed fraud by misrepresenting material facts during the submission of settlement demands, including misrepresenting Thammalaiviroj and Kim as Washington-licensed attorneys and Lighthouse as a legitimate law firm.  Dkt. # 52, ¶¶ 96–115. Allstate also specifically alleges that Lighthouse knowingly incorporated a chiropractor's false billing statements into its settlement demands.  Dkt. # 52, ¶ 100.  Defendants move to dismiss this claim on the grounds that Allstate's amended complaint fails to state this fraud claim against each defendant with sufficient particularity.  Dkt. # 56 at 13–17.

The federal rules require parties to "state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  To satisfy that standard, a plaintiff "must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  A fraud complaint may not "lump multiple defendants together"; rather, a plaintiff must "differentiate [its] allegations when suing more than one

ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 4

defendant." <u>Destfino v. Rieswig</u>, 630 F.3d 952, 958 (9th Cir. 2011).  Under Washington law, a fraud claim must include: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. <u>Stiley v. Block</u>, 130 Wn.2d 486, 505 (1996).

Allstate's amended complaint meets the heightened Rule 9(b) pleading standard.  Where several defendants are sued in connection with an alleged fraudulent scheme, "there is no absolute requirement that . . . the complaint must identify *false statements* made by each and every defendant," as each conspirator may be performing different tasks to bring about the desired result.  <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007) (quoting <u>Beltz Travel Serv., Inc., v. Int'l Air Transp. Ass'n</u>, 620 F.2d 1360, 1367 (9th Cir. 1980)).  Rather, a plaintiff must, at a minimum, "identify the role of each defendant in the alleged fraudulent scheme." <u>Swartz</u>, 476 F.3d at 765 (quoting <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 541 (9th Cir. 1989)).  Allstate attributes specific misconduct to each of the named defendants, and accordingly meets the particularity requirement of Rule 9(b).

As to Defendant Thammalaiviroj, the complaint alleges that Defendant Thammalaiviroj is not licensed to practice law in Washington state, but that, together with a non-lawyer, she formed a California law firm that held itself out to be a Washington professional corporation doing business in King County, Washington. Dkt. # 52, ¶¶ 3, 4, 17, 47, 48, 49.  Allstate further alleges that it believed this law firm's legal services were provided by Washington-licensed attorneys bound by the Washington Rules of Professional Conduct, and that it relied on this misrepresentation in making payments to the firm.  Dkt. # 52, ¶¶ 97–115.  The complaint also alleges that Defendant Thammalaiviroj received over $12,500 in profits from the law firm's business between 2012 and 2015.  Dkt. # 52, ¶ 39, 40, 41.

As to Defendant Lighthouse, the complaint repeatedly alleges that the law firm operated

ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 5

1  illegally and profited from insurance settlements that Allstate paid in reliance on the firm's

2  misrepresentations regarding its ownership.  Dkt. # 52, ¶¶ 32, 33, 36, 43, 52, 72, 97–100.

3  The above allegations are "specific enough to give defendants notice of the particular

4  misconduct which is alleged." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)

5  (quotation marks and citation omitted).  Accordingly, the amended complaint states a fraud

6  claim against Defendants with sufficient particularity, and Defendants' motion to dismiss this

7  claim is denied.

8  ### C.   Washington Criminal Profiteering Act

9  Allstate alleges that Defendants violated portions of Washington's Criminal Profiteering

10  Act under RCW 9A.82.060 by trafficking in insurance claims and by engaging in the unlawful

11  practice of law, and under RCW 9A.82.080 by investing illegal profits back into the illegal

12  enterprise. Dkt. # 52, ¶¶ 118–135.  The Criminal Profiteering Act combats organized crime by

13  prohibiting the intentional organizing of three or more people "with the intent to engage in a

14  pattern of criminal profiteering activity."  RCW 9A.82.060.  The statute defines such a pattern as

15  the commission of at least three predicate offenses within a five-year period.  RCW

16  9A.82.010(12).  Listed predicate offenses include trafficking in insurance claims, as defined in

17  RCW 48.30A.015, and the unlawful practice of law, as defined in RCW 2.48.180.  RCW

18  9A.82.010(4)(ee), -(ff).  The statute also makes it illegal for a person to invest any proceeds from

19  a pattern of criminal activity in real property or in the "operation of any enterprise."  RCW

20  9A.82.080(1)(a).  The Criminal Profiteering Act includes a private right of action for a party

21  who sustains injury to its business or property by violations of RCW 9A.82.060 or RCW

22  9A.82.080.  RCW 9A.82.100(1)(a).  Defendants move to dismiss these claims on the grounds

23  that the amended complaint fails to allege sufficient facts demonstrating either trafficking or the

24  unlawful practice of law.  Dkt. # 56 at 17–20.[2]

25  _____

26  [2] Defendants also argue that Allstate has failed to plead any facts supporting an inference of
intent.  Dkt. # 56 at 18.  But Allstate has specifically alleged intentional misrepresentation and

27

28  ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 6

1    Allstate's amended complaint sufficiently alleges that a pattern of criminal profiteering

2  activity occurred.  The complaint, taken as true, alleges that Defendants started an illegal law

3  firm, procured clients in an illegitimate manner, and, posing as a legitimate firm, submitted over

4  two hundred false claims and then profited from them.  Dkt. # 52, ¶¶ 3, 5, 31–33, 37–133.[3]  As

5  described below, the amended complaint plausibly alleges the predicate offenses underlying this

6  pattern of criminal profiteering in violation of RCW 9A.82.060.

7                              **1.    Insurance Trafficking**

8    The first predicate in this case, Washington's insurance trafficking statute, prohibits

9  service providers from knowingly accepting or making payments related to the referral of an

10 insurance claimant.  RCW 48.30A.015.  Service providers include, among other things, persons

11 who are involved in preparing, processing, presenting, or negotiating insurance claims.  RCW

12 48.30A.010.  Allstate's amended complaint specifically alleges that Defendants paid individuals,

13 some now named as defendants, to refer insurance claimants to Lighthouse, a service provider.

14 Dkt. # 52, ¶¶ 53–57, 63–67, 69, 88, 118, 122–24.  The amended complaint sufficiently alleges

15 trafficking in insurance claims.

16                              **2.    Unlawful Practice of Law**

17    The second alleged predicate, Washington's statute governing the unlawful practice of

18 law, prohibits persons not licensed to practice law in Washington ("non-lawyers") from

19 engaging in certain activities.  RCW 2.48.180.  These activities preclude a non-lawyer from

20 holding herself out as entitled to practice law, holding an investment or ownership interest in a

21 business that practices law, or sharing legal fees with a Washington-licensed attorney.  Id.

22    Allstate's amended complaint states a plausible claim regarding the unlawful practice of

23

24 trafficking by Defendants, Dkt. # 52, ¶¶ 118, 122, 126, and the facts alleged, taken as true, give rise to a

25 reasonable inference of intentional conduct.  See Iqbal, 556 U.S. at 678.

26    [3] Moreover, unlike Allstate's original complaint, the amended complaint successfully alleges that
   more than three individuals took part in Defendants' alleged scheme.

27

28 ORDER DENYING DEFENDANTS' MOTIONS
   TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 7

1  law.  Allstate alleges that Defendant Thammalaiviroj and Mr. Kim owned Lighthouse despite

2  lacking Washington bar licenses.  Dkt. # 52, ¶¶ 2–4, 17–19, 31, 52.  Allstate also alleges that

3  Ms. Kim, a non-lawyer, maintained an ownership interest in Lighthouse.  Dkt. # 52, ¶¶ 60, 61,

4  71.  Those facts, taken as true, allow for a "reasonable inference" that the Defendants are liable

5  as alleged.  Iqbal, 556 U.S. at 678.  Allstate has sufficiently alleged the unlawful practice of law.

6  ### 3.    RCW 9A.82.080

7  Allstate claims that Defendants violated RCW 9A.82.080 by receiving profits from the

8  alleged pattern of criminal racketeering and then investing those profits back into the illegal

9  operation.  Dkt. # 52, ¶ 132.  Defendants argue that Allstate's claim is too vague, Dkt. # 56 at 17,

10  and, absent any concrete allegations underlying this conclusory claim, the Court agrees.  Still,

11  Allstate's successful allegations of insurance trafficking and unlawful practice of law

12  sufficiently state a claim under 9A.82.060.

13  Defendants' motion to dismiss Allstate's Criminal Profiteering Act claim is denied.

14  ### D.    Unjust Enrichment

15  Allstate's amended complaint alleges that Defendants were unjustly enriched when

16  Defendants received payment from Allstate for fraudulent insurance claims.  Dkt. # 52,

17  ¶¶ 137–44.  The parties agree on the basic showing required to make an unjust enrichment claim

18  in Washington: (1) a benefit was conferred by the plaintiff to the defendant; (2) the benefit was

19  received at the plaintiff's expense; and (3) it would be unjust for the defendant to keep the

20  benefit under the circumstances.  Young v. Young, 164 Wn.2d 477, 484 (2008).  An action for

21  unjust enrichment is "the method of recovery for the value of [a] benefit retained absent any

22  contractual relationship because notions of fairness and justice require it."  Id.  Defendants claim

23  that the amended complaint fails to show a causal link between Defendants' alleged misconduct

24  and Allstate's monetary loss.  Dkt. # 59 at 17.[4]  As explained above, see supra Part I.A

25

26  _____

[4] Defendants also argue that the amended complaint fails to allege that Defendant
Thammalaiviroj received any of the proceeds in her personal capacity, Dkt. # 56 at 21, but the amended

27

28  ORDER DENYING DEFENDANTS' MOTIONS
TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 8

1    (evaluating Allstate's claim under the Washington Consumer Protection Act), Allstate's

2    amended complaint sufficiently alleges facts suggesting that Allstate would not have paid out

3    over $600,000 in insurance settlements absent Defendants' material misrepresentations.

4    Accordingly, Defendants' motion to dismiss this claim is denied.

5

6          For the foregoing reasons, Defendants' motions to dismiss for failure to state a claim,

7    Dkt. ## 56, 59, are DENIED.

8

9          DATED this 24th day of January, 2017.

10

11

12          Robert S. Lasnik
           United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

---

25    complaint specifically alleges that Defendant Thammalaiviroj personally received $12,500 in profits,

26    Dkt. # 52, ¶¶ 39–41.

27

28    ORDER DENYING DEFENDANTS' MOTIONS
      TO DISMISS PLAINTIFFS' AMENDED COMPLAINT - 9