UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLSTATE INSURANCE CO., *et al.*,

　　　　Plaintiffs,

　　v.

LIGHTHOUSE LAW P.S. INC., *et al.*,

　　　　Defendants.

NO. C15-1976RSL

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION TO QUASH

This matter comes before the Court on "Plaintiffs' Motion to Compel," Dkt. # 71, and defendants Lighthouse Law P.S., Inc. and Patty Thammalaiviroj's "Motion for Protective Order and to Quash the Subpoena Issued by Plaintiffs on Google, Inc.," Dkt. # 85. Having reviewed the parties' briefing, declarations, exhibits, and the remainder of the record, the Court finds as follows.

Plaintiffs Allstate Insurance Co., Allstate Indemnity Co., Allstate Fire & Casualty Insurance Co., and Allstate Property and Casualty Insurance Co. (together, "Allstate") allege that defendants Patty Thammalaiviroj, an attorney licensed in California, and Chong "Joseph" Kim, a non-lawyer residing in Washington State, created and operated a sham law firm, defendant Lighthouse Law P.S., Inc. ("Lighthouse"), for the purpose of profiting from fraudulent insurance claims. In December 2016, the parties stipulated to dismissal with prejudice of all claims against

ORDER GRANTING IN PART PLAINTIFFS' MOTION
TO COMPEL AND GRANTING DEFENDANTS'
MOTION TO QUASH - 1

1  Mr. Kim and his wife, Jane Doe Kim.[1]  Dkt. # 92.  In addition to the two motions considered
2  here, Allstate has moved for partial summary judgment on its claims of unlawful practice of law
3  and Washington Consumer Protection Act violations against Ms. Thammalaiviroj and
4  Lighthouse.  Dkt. # 88.

**A.  Allstate's Motion to Compel**

Allstate claims that defendants Thammalaiviroj and Lighthouse have failed to fulfill their discovery obligations and seeks an order under Fed. R. Civ. P. 37(a) compelling full responses to Allstate's discovery requests.  Under the Federal Rules of Civil Procedure, parties may generally obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Information need not be admissible at trial to be relevant.  Fed. R. Civ. P. 26(b)(1).  During discovery, a party served with interrogatories must respond fully, or else state with specificity its objections, within 30 days.  Fed. R. Civ. P. 33(b)(2).  Similarly, a party served with requests for production must comply within 30 days.  Fed. R. Civ. P. 34(b)(2)(A).  The party seeking discovery may move for an order compelling disclosure or discovery after good-faith attempts to obtain compliance without court action have been unsuccessful.  Fed. R. Civ. P. 37(a)(1).

Allstate argues that defendants Thammalaiviroj and Lighthouse have failed to respond fully to Allstate's interrogatories and requests for production, even after multiple discovery conferences and notices of deficiency.  Allstate seeks information regarding defendant Thammalaiviroj's personal finances, businesses, and properties; copies of all records related to the accounting, formation, ownership, and/or sale of Lighthouse; all emails related to Lighthouse from September 29, 2011 to October 31, 2015; the employment agreement with Mr. Kim, if any; copies of all of Lighthouse's employee, independent contractor, and client files; and

---

[1] Accordingly, Allstate's motion to compel discovery responses from defendants Mr. and Ms. Kim is denied as moot.

ORDER GRANTING IN PART PLAINTIFFS' MOTION
TO COMPEL AND GRANTING DEFENDANTS'
MOTION TO QUASH - 2

Lighthouse's tax, payroll, and credit card records.

Defendants have apparently agreed to produce all relevant, non-privileged materials responsive to these requests; the sticking point appears to be a dispute over which materials are indeed relevant and non-privileged. Ms. Thammalaiviroj further argues that most of the requested materials are outside of her custody and control, as she "disassociated" herself from Lighthouse in April 2015. Lighthouse declines to provide materials that it claims are available through the Secretary of State's office, or information that it believes Allstate already possesses. Moreover, defendants both assert, without citing any legal authority, that certain financial records are exempt from discovery because of a constitutional right to privacy. Dkt. # 74.

The materials sought, including documents and information related to the sale of Lighthouse, appear to be relevant, as the ownership and finances of Lighthouse are two of the central issues in this case. See Oppenheimer Fund., Inc. v. Sanders, 437 U.S. 340, 351 (1978) (noting that the scope of relevant discovery "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). While parties may be compelled to produce tax returns only if the returns are relevant and the information contained in them is not "readily attainable" elsewhere, returns "do not enjoy an absolute privilege from discovery." Sneller v. City of Bainbridge Island, No. C07-5338RBL, 2008 WL 4534364, at *1 (W.D. Wash. Oct. 7, 2008) (citing Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975)). Defendants have not asserted that their tax returns contain information that is readily attainable elsewhere; indeed, Lighthouse claims that it has already produced tax records from 2012–14. Dkt. # 74 at 8. And defendants' legally tenuous privacy concerns are unwarranted given the stipulated protective order already in place, which covers "[d]ocuments containing financial information (i.e. bank accounts, loan or investment accounts number [sic], credit card numbers)." Dkt. # 46.

ORDER GRANTING IN PART PLAINTIFFS' MOTION
TO COMPEL AND GRANTING DEFENDANTS'
MOTION TO QUASH - 3

Defendants may assert specific, applicable privileges in a privilege log, but they may not avoid their discovery responsibilities wholesale by invoking an amorphous right to privacy, by alleging that Allstate already possesses the requested information, or by claiming a general attorney-client privilege. Allstate's motion to compel is granted to as to defendants Thammalaiviroj and Lighthouse.[2]

**B. Defendants' Motion to Quash Subpoena**

Meanwhile, defendants Thammalaiviroj and Lighthouse seek a protective order and an order quashing Allstate's subpoena of Google, Inc. Dkt. # 85. The subpoena requests records associated with @lighthouselawps.com email accounts, and defendants argue that the information sought is confidential, privileged, irrelevant, and shielded from subpoena by the Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1).

During discovery, a party may subpoena a non-party for relevant and proportional discovery. Fed. R. Civ. P. 45. Rule 45(d)(3) sets out specific circumstances in which a court must quash or modify a subpoena, such as where the subpoena requires disclosure of privileged information. Here, defendants ask the Court to quash Allstate's subpoena on the grounds that Google's compliance would require disclosure of privileged or otherwise protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii).

A party has standing to quash a subpoena issued to a third party only where the party asserts a "legitimate privacy interest in the material sought." See Abu v. Piramco Sea-Tac Inc.,

---

[2] Allstate also seeks an order compelling non-party Paradigm Legal Professional, which allegedly bought Lighthouse in April 2015, to produce records that Lighthouse claims not to possess. In response to Allstate's subpoena, Alex Chun, the owner of Paradigm, testified that Paradigm possessed none of the requested materials. The Court cannot order Paradigm to produce materials it does not have, but to the extent defendants Lighthouse and Thammalaiviroj retain access to the requested materials, they are ordered to produce them.

Allstate further seeks an order compelling defendant Seok Bae "Mike" Seo to appear for a rescheduled deposition. Given Allstate's representation that Mr. Seo has been working with Allstate to reschedule his deposition, the Court concludes that an order compelling that deposition would be premature.

No. C08-1167RSL, 2009 WL 279036, at *1 (W.D. Wash. Feb. 5, 2009). Defendants assert a privacy interest in all of the material requested from Google, as the accounts belong to former Lighthouse employees and may include privileged information regarding Lighthouse clients. The Court finds that Lighthouse has standing to quash this subpoena.

As to the substance of defendants' motion to quash, the Court concludes that the SCA does prevent Google from complying with the subpoena. The SCA prohibits an entity "providing an electronic communication service to the public" (hereinafter, "communications providers") from knowingly divulging "the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). Similarly, the SCA prohibits an entity "providing remote computing service to the public" (hereinafter, "computing providers") from knowingly divulging "the contents of any communication which is carried or maintained on that service . . . on behalf of, and received by means of electronic transmission from . . . a subscriber or customer of such service." 18 U.S.C. § 2702(a)(2)(A). Neither can computing providers knowingly divulge communications carried or maintained on that service "solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the [computing] provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing." 18 U.S.C. § 2702(a)(2)(B). These provisions operate to shield the above-specified material from civil subpoenas. See Theofel v. Farey-Jones, 359 F.3d 1066, 1074 (9th Cir. 2003); Schweickert v. Hunt Point Ventures, Inc., No. C13-675RSM, 2014 WL 6886630, at *12 (W.D. Wash. Dec. 4, 2014).

Allstate's subpoena seeks materials protected by the Stored Communications Act. It requests Google's "entire file regarding any and all account information, records and/or activity concerning Gmail emails, including the emails' contents, for the email/handle @lighthouselawps.com from January 1, 2012, to May 31, 2015." Dkt. # 86-1 at 4. Allstate itself characterizes the materials sought as "emails from the email/handle

ORDER GRANTING IN PART PLAINTIFFS' MOTION
TO COMPEL AND GRANTING DEFENDANTS'
MOTION TO QUASH - 5

"@lighthouselawps.com." Dkt. # 87 at 2. Those emails are "communications . . . carried or maintained on that service" on behalf of Lighthouse under the SCA, and accordingly Allstate may not compel Google to produce them. See 18 U.S.C. § 2702(a)(2)(A). Allstate has failed to respond to defendants' argument that the SCA prevents Allstate from compelling Google to produce defendants' emails. See Dkt. # 87. Defendants' motion to quash Allstate's subpoena is granted.

For the foregoing reasons, Allstate's motion to compel is GRANTED in part. Within fourteen days of the date of this order, to the extent the following has not yet occurred:

1. Defendants Thammalaiviroj and Lighthouse must fully respond to and comply with Allstate's Requests for Production Nos. 3 & 5;
2. Defendant Thammalaiviroj must fully respond to Allstate's Interrogatories Nos. 5, 8 & 9, and respond to and comply with Requests for Production Nos. 1, 2, 6, 7 & 8; and
3. Defendant Lighthouse must fully respond to Allstate's Interrogatories Nos. 7, 9, 10 & 11, and respond to and comply with Requests for Production Nos. 1, 2, 6, 7, 8, 10 & 11.

Defendants' motion to quash Allstate's subpoena of Google, Inc. is GRANTED.

SO ORDERED this 7th day of February, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS' MOTION
TO COMPEL AND GRANTING DEFENDANTS'
MOTION TO QUASH - 6