1
2
3
4
5
6
7  UNITED STATES DISTRICT COURT
8  WESTERN DISTRICT OF WASHINGTON
   AT SEATTLE

9  ALLSTATE INSURANCE CO., *et al.*,

10          Plaintiffs,
                                          NO. C15-1976RSL
11          v.

12  LIGHTHOUSE LAW P.S. INC., *et al.*,   AMENDED ORDER GRANTING
                                          DEFAULT JUDGMENT
13          Defendants.

14      This matter comes before the Court on plaintiffs' "Motion for Entry of Default

15 Judgment." Dkt. # 105. Having reviewed the motion and the supporting materials, the Court

16 finds as follows.

17      The default entered in the above-captioned matter has established the well-pleaded

18 allegations of the amended complaint pertaining to liability. Dkt. # 84. Defendants' default

19 cannot be attributed to excusable neglect, as they were properly served with the amended

20 complaint in October 2016, Dkt. ## 78, 79, 80, and defendant Seok Bae "Mike" Seo appeared

21 for two separate depositions in this case, in July 2016 and November 2016, Dkt. # 90-2 at 40–50.

22 In this second deposition, Mr. Seo acknowledged that he and his wife, defendant Lee Ok Mi,

23 were both aware of the lawsuit against them. Dkt. # 90-2 at 48. Though a large sum of money is

24 at stake in this action – plaintiffs have provided documentation supporting over $1 million in

25 damages resulting from fraudulent claims submitted by the sham law firm, defendant Lighthouse

26 Law, P.S., Inc., see Dkt. # 107-1 – defendants were on notice from October 2016 that they might

27

28 AMENDED ORDER GRANTING DEFAULT JUDGMENT - 1

be held jointly and severally liable for damages of at least $600,000, the amount stated in the amended complaint. Dkt. # 52 at 26, 27. Despite the strong policy favoring decisions on the merits, it appears in this case that defendants Seo, Mi, and their company, defendant Hanna & Dooree (H&D) Corporation, simply chose not to appear to defend against this suit. Default judgment in favor of plaintiffs and against defendant is therefore appropriate. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Plaintiffs have not, however, shown that the full damages amount of $600,000 should be awarded against these defendants. Though defendant Seo admitted to participating in the trafficking of insurance claims through the sham law firm, defendant Lighthouse Law, P.S., Inc., see Dkt. # 90-2 at 48, plaintiffs have not shown that *all* of the fraudulent claims underlying their losses are attributable to the "capping" work of defendant Seo: indeed, plaintiffs have alleged that Lighthouse compensated a number of different "cappers" for referring clients to the law firm. Dkt. # 52, ¶¶ 53–57; see also Dkt. # 90-3 at 26. Plaintiffs have alleged that defendants Seo, Mi, and H&D Corporation received approximately $91,712.57 in compensation for defendant Seo's work referring clients to Lighthouse Law. Dkt. # 52, ¶¶ 39(b), 40(b), 63. Accordingly, the Court concludes that a damages award of $91,712.57 is appropriate. Because treble damage awards under RCW 19.86.090 are capped at $25,000, the Court declines to award treble damages.

Moreover, plaintiffs have not shown that these defendants should bear the full cost of plaintiffs' attorney's fees, costs, and expert expenses ($319,975 in fees; $4,081.94 in costs; $27,447.30 in expert expenses): these defendants were first named as defendants on August 17, 2016; they were served on October 19, 2016; and default was entered against them on November 14, 2016. Before, during, and after this time period, other defendants were actively litigating this case, and the vast majority of plaintiffs' fees, costs, and expenses were incurred in the course of that litigation. Accordingly, based on a review of plaintiffs' counsel's billing statements and the rest of the docket in this matter, the Court finds that an award of $19,485 in

AMENDED ORDER GRANTING DEFAULT JUDGMENT - 2

attorney's fees and costs is reasonable.[1]

It is hereby **ORDERED** that default judgment is entered against Seok Bae "Mike" Seo, Lee Ok Mi, and Hanna & Dooree Corporation in the amount of $91,712.57 in damages, plus attorney's fees and costs of $19,485, for a total amount owing of $111,197.57.

**IT IS FURTHER ORDERED** that this Judgment shall accrue interest on the total unpaid balance at the rate of 6 percent (6%) per annum[2] from the date of entry hereof until fully paid.

For all of the foregoing reasons, plaintiffs' motion for default judgment (Dkt. # 105) is GRANTED. The Clerk of Court shall enter judgment in favor of plaintiffs and against defendants as described above.

SO ORDERED this 2nd day of May, 2017.

_____
Robert S. Lasnik
United States District Judge

---

[1] This sum represents attorney's fees and costs incurred for tasks specifically related to plaintiffs' claims against defendants Seo, Mi, and H&D Corp. See Dkt. # 106-2 at 143 to Dkt. # 106-3 at 116. Fees and costs incurred following entry of default against those defendants are not included, except for those fees and costs incurred in preparing this motion for default judgment. See Dkt. # 106-4 at 19–29.

[2] After the Court entered default judgment with a post-judgment rate of interest of 0.12%, Dkt. # 108, plaintiffs moved for clarification of the rate of interest, pointing out that the rate in their proposed order was 12%, not 0.12%. See Dkt. # 105-1 at 2. No other post-judgment interest rate was discussed in the moving papers. The Court hereby amends the rate of interest to 6% per annum, the rate authorized by statute for interest on judgments founded on the tortious conduct of individuals. See RCW 4.56.110(3)(b).

AMENDED ORDER GRANTING DEFAULT JUDGMENT - 3