# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALLSTATE INSURANCE CO., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHTHOUSE LAW P.S. INC., *et al.*,<br><br>Defendants. | Case No. C15-1976<br><br>ORDER VACATING DEFAULT AND DEFAULT JUDGMENT |

This matter comes before the Court on a motion to vacate entries of default and default judgment entered against defendants Seok Bae "Mike" Seo, Lee Ok Mi, and Hanna & Dooree Corporation ("H&D Corp."). Dkt. # 114. The Court has considered the parties' memoranda, filings, and exhibits. For the reasons explained below, defendants' motion is GRANTED.

## I. BACKGROUND

This matter stems from a lawsuit brought by Allstate Insurance Company and several of its associated corporate entities[1] (together, "Allstate") alleging a scheme of false insurance claims submitted through a sham law firm. The three defendants who bring this motion were not defendants in Allstate's original complaint, Dkt. # 1, but during discovery Allstate contacted and corresponded with Mr. Seo, obtained documents from him via subpoena, and deposed him July 12, 2016. At that deposition, Mr. Seo was represented by attorney Shawn McCully.

---

[1] The associated corporate entities that are plaintiffs along with Allstate Insurance Company are Allstate Indemnity Company, Allstate Fire & Casualty Insurance Company, and Allstate Property & Casualty Insurance Company.

ORDER VACATING DEFAULT AND DEFAULT JUDGMENT - 1

The Court dismissed the original complaint, but granted Allstate leave to amend. Dkt. # 47. On August 17, 2016, Allstate filed an amended complaint that newly named as defendants Mr. Seo, his wife Ms. Mi, and H&D Corp., a company Mr. Seo apparently used to do business with the law firm at the center of the lawsuit's allegations. Dkt. # 52. The day Allstate filed its amended complaint, Allstate's counsel emailed copies of the amended complaint to various parties, including Mr. McCully. Dkt. # 119-1 at 1. Mr. McCully responded by notifying plaintiff's counsel that it was unlikely he would continue to represent Mr. Seo and that he would not accept service on Mr. Seo's behalf. Dkt. # 119-1 at 2. The morning of October 19, 2016, Allstate served the amended complaint and summons on Mr. Seo and on Ms. Mi, who accepted service on her own behalf and on behalf of H&D Corp. Dkt. ## 79, 80, 81.

Mr. Seo and Ms. Mi did not answer the amended complaint or otherwise defend the suit, but Mr. Seo continued to cooperate and correspond with plaintiff's counsel. Dkt. # 114-1 at 13. For example, hours after Mr. Seo was served with the amended complaint, he sent the following email to the offices of plaintiff's counsel:

> Please reschedule my deposition which scheduled on October 24, 2016 9:30 a.m due to attorney withdraw from my case. I need to find new attorney for this matter. Beside that, I am not going to be available on November because I will be with my father to get his lung cancer treatment and surgery plane with doctors in CA.
>
> thanks
>
> Michael

Dkt. # 119-1 at 9 (mistakes in original). Two days later, he followed up with another message:

> I got noticed the deposition form my priviou attorney yesterday's email. I don't want to be in the deposition by myself. I will find attorney for my deposition asap. I am not available in first two weeks of November. I am back to Seattle on 13th of November. I would like to reschedule after that and let me know.
>
> Thanks

Dkt. # 119-1 at 9 (mistakes in original).

Allstate continued to correspond with Mr. Seo about testifying against the original defendants and other topics, but simultaneously pursued judgment by default, the mechanism in the Federal Rules of Civil Procedure for pursuing judgment against an unresponsive party whose

ORDER VACATING DEFAULT AND DEFAULT JUDGMENT - 2

failures to respond have brought the process of a lawsuit to a halt. See Fed. R. Civ. P. 55. Obtaining a default judgment begins by seeking an entry of default if a defendant fails to responsively plead or otherwise defend a suit within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A)(ii); Fed. R. Civ. P. 55(a). Mr. Seo failed to file a responsive pleading with the Court within twenty-one days of service, and on November 10, 2016—twenty-two days after service—Allstate sought a default against H&D Corp., Mr. Seo, and Ms. Mi. Dkt. # 81. The day that request was filed, plaintiff's counsel emailed Mr. Seo a copy of that motion. Dkt. # 114-1 at 13. Mr. Seo responded with the following message:

> Dear. Sarah
> I totally don't understand all about the motion for default.
> I am still waiting the reschedule of deposition from Oct. 24, 2016.
> I email, I called your office and left message to request rescheduling due to my attorney withdrawing.
> As I informed to your office, my previous attorney notice me the withdraw this case on Oct. 18th meeting in his office.
> Therefore, I can't find new attorney during the 4 days before the deposition.
> I haven't have any notice from previous attorney until Oct. 18th meeting.
> Please reschedule the deposition and let me know.
>
> Respectfully
>
> michael seo

Dkt. # 114-1 at 13 (mistakes in original). The next day, Mr. Seo spoke on the phone with plaintiff's counsel to set up a meeting between him and one of the team's attorneys, Rory Leid, for November 14, 2016. Dkt. # 114-1 at 3.

On November 14, 2016, the Clerk entered a default against H&D Corp., Mr. Seo, and Ms. Mi. Dkt. # 84. The same day, Mr. Seo received a follow up via both voicemail and email about the planned meeting between Mr. Seo and Mr. Leid, which Mr. Seo confirmed. Dkt. # 114-1 at 15. The two met and discussed potential wrongdoing on the part of the other defendants. Dkt. # 114-1 at 3–4. Two weeks later on November 28, 2016, Mr. Leid again deposed Mr. Seo, this time through a Korean interpreter but without representation of counsel. Dkt. # 90-2 at 47.

From then on, the other defendants continued to litigate the matter but Mr. Seo appears to have only participated in the case by preparing to testify if the case went to trial. After discovery went on for some time, Allstate settled with the other defendants. Dkt. ## 91, 92, 103. Two days after settling with the last of those defendants, Allstate moved for a default judgment against H&D Corp., Mr. Seo, and Ms. Mi. Dkt. # 105. Allstate did not give them notice of the motion for default judgment.

On April 25, 2017, the Court granted Allstate's motion and entered a default judgment against the three defendants in the amount of $111,197.57 plus interest. Dkt. ## 108, 109. After Allstate began attempts to collect that judgment, defendants retained counsel and filed the instant motion. Dkt. # 114.

## II. DISCUSSION

Federal Civil Rule 55 provides for the entry of defaults and default judgments. There is a strong policy of resolving cases on the merits instead of through defaults, see Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986), and a default judgment is an extraordinary remedy meant to deter parties from employing avoidance or unresponsiveness as litigation tactics, see 10A Charles A. Wright & Arthur R. Miller, et al., Fed. Prac. & Proc. Civ. § 2681 (4th ed. 2008 & Supp. 2017) ("[T]he possibility of being held in default acts as a deterrent to those parties resorting to delay as an element of their litigation strategy."); 10 James Wm. Moore, et al., Moore's Federal Practice - Civil § 55.02 (3d ed. 2017) ("Rule 55 defaults and default judgments are a way to deter a responding party from halting the adversary process.").

A party subject to a default judgment has several options for setting the judgment aside. The Court may relieve a party from a default judgment in certain circumstances, including where there is "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), or "for any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6); see also Fed. R. Civ. P. 55(c) ("The Court . . . may set aside a default judgment under Rule 60(b).").

In addition, a default judgment may be set aside if notice was required under Rule 55 but never given. Rule 55 requires notice of a motion for default judgment if the defaulting party has appeared in the case. Fed. R. Civ. P. 55(b). To trigger the requirement, a party need not have

ORDER VACATING DEFAULT AND DEFAULT JUDGMENT - 4

formally appeared before the Court. Instead, "informal contacts between the parties" will sufficiently activate Rule 55's notice requirement when the defaulting party has demonstrated an intention to participate in the suit. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993); see also Muniz v. Vidal, 739 F.2d 699, 700 (1st Cir. 1984) ("Although appearance in an action typically involves some presentation or submission to the court—a feature missing from this case—there is strong authority requiring a court to look beyond the presence or absence of such formal actions to examine other evidence of active representation." (marks and citation omitted)). When the Rule's notice requirement applies, failure to provide notice "is a serious procedural irregularity that usually justifies setting aside a default judgment." Wilson v. Moore & Assocs., Inc., 564 F.2d 366, 369 (9th Cir. 1977).

Here, the Court finds the circumstances warrant setting aside the default judgment. First, the Court finds that defendants are entitled to relief under Rule 60(b), because the record indicates their failure to defend was due to mistake and inadvertence, see Fed. R. Civ. P. 60(b)(1), and because the circumstances otherwise justify relief, see Fed. R. Civ. P. 60(b)(6). It is unclear whether defendants, who are not native English speakers and were proceeding without representation, understood the difference between the subpoenas and depositions that had already been served on them and the amended complaint that newly added them as defendants. The record does indicate, however, that defendants were clearly not ignoring the case, and even demonstrated a willingness to cooperate with plaintiffs. It would make little sense for defendants to continue cooperating and engaging with this case's proceedings in the capacity for which they faced no legal liability, while simultaneously intentionally avoiding the very same proceedings in the capacity for which they faced serious legal implications.

Second, the Court finds that defendants were entitled to notice under Rule 55, because the continuous correspondences and interactions between Mr. Seo and Allstate's counsel were sufficient to demonstrate an intention to participate in the resolution of the case. Hours after being served with the amended complaint, Mr. Seo contacted plaintiff's counsel expressing a desire to reschedule depositions, notifying them he lacked legal representation, and explaining his unavailability in the coming month based on his need to attend to his father's health.

ORDER VACATING DEFAULT AND DEFAULT JUDGMENT - 5

1  Compare Dkt. # 78 (certifying service on Mr. Seo on October 19, 2016, at 9:09 AM), with Dkt.
2  # 119-1 at 9 (containing email from Mr. Seo to counsel's office on October 19, 2016, at 11:46
3  AM). In addition to Mr. Seo's correspondence that day, he went on to interact with plaintiff's
4  counsel nearly a dozen times through phone calls, emails, and an in-person meeting leading up
5  to and including the day the Clerk of Court entered a default. What is more, those numerous
6  interactions cast serious doubt on the repeated representations by plaintiff's counsel to the Court
7  that this case met the standard of the "process ha[ving] been halted because of an unresponsive
8  party." Dkt. # 81 at 3 (Motion for Default); Dkt. # 105 at 8 (Motion for Default Judgment). Mr.
9  Seo's ongoing interactions with Allstate's counsel were more than enough contacts to
10 demonstrate he intended to participate in this lawsuit.

For these reasons, the Court also finds defendants have shown good cause why the Clerk's entry of default should be vacated. See Fed. R. Civ. P. 55(c).

* * *

As a final matter, plaintiffs request that the Court strike from the record certain material attached to this motion that describes unrelated sanctions against the law firm representing Allstate in this case. Dkt. # 118 at 12. The Court denies that request, but clarifies that those filings, and the sanctions they describe, did not at all impact the Court's determination of this motion's merits. In addition, plaintiffs filed a surreply requesting that the Court strike material submitted with defendants' reply. Dkt. # 123. The Court concludes defendants' reply brief is acceptable and complies with LCR 7(b), and accordingly denies that request as well.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion, Dkt. # 114, is GRANTED. The Court VACATES the default judgment, Dkt. # 108, and the Clerk's entry of default, Dkt. # 84.

Defendants shall file an answer or otherwise respond to the complaint within twenty-one (21) days of the date of this order. The Court will also issue a new order regarding initial disclosures and a joint status report.

DATED this 29th day of December, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER VACATING DEFAULT AND DEFAULT JUDGMENT - 7